UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DENIS GOBEILLE, <br><br> Plaintiff, <br><br> v. <br><br> UPS CARTAGE SERVICES, INC., a Delaware corporation, and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 13-cv-02346-JFW (RZx) <br><br> [~~PROPOSED~~] ORDER GRANTING REVISED JOINT STIPULATION FOR PROTECTIVE ORDER <br><br> Magistrate Judge: Hon. Ralph Zarefsky <br> Courtroom: 540 <br><br> Complaint Filed: December 21, 2012 <br> Trial Date: February 4, 2014 <br><br> **[DISCOVERY MATTER]** |

Pursuant to the Revised Joint Stipulation for a Protective Order submitted by Defendant UPS CARTAGE SERVICES, INC. ("Defendant") and Plaintiff DENIS GOBEILLE ("Plaintiff"), the Court finds good cause exists for a Protective Order in this case based on the following relevant facts:

1. In 2007, Congress passed the Implementing Recommendations of the 9/11 Commission Act more commonly known as the 9/11 Act. This law requires that all cargo transported on a passenger aircraft be screened for explosives as of August 1, 2010. The Transportation Security Administration (TSA) developed the Certified Cargo Screening Program as a solution to help the industry reach the 100 percent

screening mandate. The program enables freight forwarders and shippers like Defendant to pre-screen cargo prior to arrival at the airport. Given the highly confidential nature of this program, and the concern that passenger cargo flights may be put in jeopardy if such information is disclosed to the public domain, federal law prohibits the disclosure of any "Sensitive Security Information" as defined by statute. See 49 CFR 15.1, et seq. 29 C.F.R. 1520, et seq.

2.  Defendant operates a Certified Cargo Screening Program at its facility in Inglewood, California. Plaintiff was employed by Defendant as a Senior Supervisor/Facility Services Coordinator at this facility. In this capacity, Plaintiff was responsible for ensuring that cargo was properly screened in accordance with the regulations promulgated by the TSA and in accordance with UPS' internal policies and procedures.

3.  One of Plaintiff's claims is that he was retaliated against for complaining about perceived violations of the TSA regulations. Defendant maintains that Plaintiff was terminated for violating its policies and procedures relating to its Certified Cargo Screening Program. As such, Defendant's internal policies and procedures pertaining to the TSA regulations are directly relevant to this case.

4.  While Defendant is precluded by law from disclosing "Sensitive Security Information" as defined by statute, 49 CFR 15.1, et seq. 29 C.F.R. 1520, et seq., the parties have agreed to exchange information that relates to Defendant's internal policies and procedures pertaining to the screening and handling of cargo for international and domestic passenger flights. While not technically "Sensitive Security Information" as defined by statute, such information does reveal UPS' operations for screening cargo prior to tendering it to the airline for movement on a passenger flight. If such procedures are disclosed to the public, the integrity of Defendant's Certified Cargo Screening Program would be in jeopardy. Even worse, if this information got into the wrong hands, i.e. a terrorist organization, the public itself could be in danger. As such, good cause exists. See *Foltz v. State Farm Mut. Auto.*

*Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) ["The common law right of access . . . is not absolute and can be overridden given sufficiently compelling reasons for doing so."].

NOW THEREFORE, this Court approves and enters a Protective Order in this case, with the terms and provisions set forth below:

5. Any party to this litigation shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing which the designating party otherwise believes in good faith contains information pertaining to Defendant's Certified Cargo Screening Program not otherwise prohibited from disclosure under 29 C.F.R. 1520, et seq. Any party to this litigation who produces or discloses any Confidential Material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Confidential Material").

6. Any party to this litigation that designates information, documents, items or oral or written communications for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

7. All Confidential Material shall be used by the receiving party solely for

purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 5, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

8. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "CONFIDENTIAL" only to:

   a. Counsel for the parties, including outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties, as well as employees of all such Counsel to whom it is reasonably necessary to disclose the information for this litigation;

   b. Experts or consultants of the receiving party to whom disclosure is reasonably necessary for this litigation, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

   c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

   d. The Court and its personnel;

   e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or if the designating party consents in writing to such disclosure;

   f. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

   g. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as

1 | well as their staff, stenographic, and clerical employees whose duties and
2 | responsibilities require access to such materials; and
3 |       h.    The parties.  In the case of parties that are corporations or other
4 | business entities, "party" shall mean executives who are required to participate in
5 | decisions with reference to this lawsuit.
6 |     9.    Confidential Material shall be used only by individuals permitted access
7 | to it under Paragraph 8.  Such Confidential Material, copies thereof, and the
8 | information contained therein, shall not be disclosed in any manner to any other
9 | individual, until and unless (a) counsel for the party asserting confidentiality waives
10 | the claim of confidentiality, or (b) the Court orders such disclosure.
11 |     10.    With respect to any depositions that involve a disclosure of Confidential
12 | Material of a party to this action, such party shall have until thirty (30) days after
13 | receipt of the deposition transcript within which to inform all other parties that
14 | portions of the transcript are to be designated Confidential, which period may be
15 | extended by agreement of the parties.  No such deposition transcript shall be disclosed
16 | to any individual other than the individuals described in Paragraph 8above and the
17 | deponent during these thirty (30) days, and no individual attending such a deposition
18 | shall disclose the contents of the deposition to any individual other than those
19 | described in Paragraph 8 above during said thirty (30) days.  Upon being informed
20 | that certain portions of a deposition are to be designated as Confidential, all parties
21 | shall immediately cause each copy of the transcript in its custody or control to be
22 | appropriately marked and limit disclosure of that transcript in accordance with
23 | Paragraphs 8 and 9.
24 |     11.    If counsel for a party receiving documents or information designated as
25 | Confidential Material hereunder objects to such designation of any or all of such
26 | items, the following procedure shall apply:
27 |       a.    Counsel for the objecting party shall serve on the designating party
28 | a written objection to such designation, which shall identify the documents or

information in question.  Counsel for the designating party shall respond in writing to such objection within ten (10) days, and shall state with particularity the grounds for asserting that the document or information is Confidential.  If no timely written response is made to the objection, the challenged designation will be deemed to be void.  If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

      b.    If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Magistrate Judge within 14 days of the parties reaching an impasse.  The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

12.    If a party wishes to file a document that has been designated as Confidential by another party, the submitting party must give the designating party five calendar days written notice of its intent to file.  If the designating party objects, it should notify the submitting party and file an application to file documents under seal within two court days after receiving notice from the submitting party of its intent to file.

13.    In the event a party wishes to have documents filed under seal, that party shall seek an order from the Court granting permission to file said material under seal in accordance with United States District Court, Central District of California Local Rule 79-5 and the Judge's Standing Order.  Subject to public policy and further court order, nothing shall be filed under seal, and the court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.  If the Court grants a party permission to file an item under seal, a duplicate disclosing all non-confidential information shall be filed and made part of the public record.  The item may be redacted to eliminate confidential

material from the document.  The document shall be titled to show that it corresponds to an item filed under seal, *e.g.*, "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment."  The sealed and redacted documents shall be filed simultaneously.

14. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential, it may do so only after giving notice to the designating party and as directed by the Court.

15. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure.  Such notice shall constitute a designation of the information, document or thing as Confidential Material under this Order.

16. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the designating party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the designating party of any claims of privilege or work-product immunity.  However, nothing herein restricts the right of the receiving party to challenge the designating party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

17.   No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a nonconfidential basis, shall be deemed or considered to be Confidential Material under this Order.

18.   This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.  This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

19.   Upon final conclusion of this litigation, including the expiration of any appeals thereof, each party or other individual subject to the terms hereof shall be under an obligation to certify, under oath, that they have either returned to opposing counsel or destroyed all originals and unmarked copies of documents and things containing Confidential Material and to destroy, should such source so request, all copies of Confidential Material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential Material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Protective Order.

20.   This Order may be modified by agreement of the parties, subject to Court approval.  In addition, the provisions of this Protective Order may be modified by this Court, for good cause, or in the interest of justice, or in its own order at any time in these proceedings.  The within order and parties' stipulation do not change, amend or circumvent any court rule or local rule.

IT IS SO ORDERED.

Dated: <u>September 23</u>, 2013

HONORABLE RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

1  WILSON TURNER KOSMO LLP
   CLAUDETTE G. WILSON (110076)
2  JESSICA A. CHASIN (214983)
   MARISSA L. LYFTOGT (259559)
3  550 West C Street, Suite 1050
   San Diego, California  92101
4  Telephone:  (619) 236-9600
   Facsimile:   (619) 236-9669
5  E-mail:  cwilson@wilsonturnerkosmo.com
   E-mail:  jchasin@wilsonturnerkosmo.com
6  E-mail:  mlyftogt@wilsonturnerkosmo.com

7  Attorneys for Defendant
   UPS CARTAGE SERVICES, INC.
8

9  GIRARDI | KEESE
   JOHN A. GIRARDI (54917)
10 1126 Wilshire Boulevard
   Los Angeles, California 90017
11 Telephone:  (213) 977-0211
   Facsimile:   (213) 481-1554
12 E-mail:  jgirardi@girardikeese.com

13 Attorneys for Plaintiff
   DENIS GOBEILLE
14

15                **UNITED STATES DISTRICT COURT**

16                **CENTRAL DISTRICT OF CALIFORNIA**

17                        **WESTERN DIVISION**

| | |
|---|---|
| DENIS GOBEILLE, | Case No. 13-cv-02346-JFW (RZx) |
| Plaintiff, | **AGREEMENT TO COMPLY WITH PROTECTIVE ORDER** |
| v. | Magistrate Judge: Hon. Ralph Zarefsky<br>Courtroom:  540 |
| UPS CARTAGE SERVICES, INC., a Delaware corporation, and DOES 1-10, inclusive, | Complaint Filed: December 21, 2012<br>Trial Date:  February 4, 2014 |
| Defendants. | **[DISCOVERY MATTER]** |

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Protective Order in this case signed by the Court, and I will comply with all provisions of that order.

5. I will hold in confidence and not disclose to anyone not qualified under the Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6. I will limit use of Confidential Material disclosed to me solely for the purposes of this action.

7. No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____ \_\_\_\_, 20\_\_\_     _____
                                              Name:

- 1 -     Case No. 13-cv-02346-JFW (RZx)
AGREEMENT TO COMPLY WITH PROTECTIVE ORDER